IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:09CV48-03-MU

| | |
|---|---|
| TERRY C. FOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| MADISON COUNTY JAIL, et. al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed February 3, 2009. (Document No. 1. )

Plaintiff's Complaint is a multi-page rambling document which includes complaints against every person who Plaintiff believes has wronged him in his life. By way of example, Plaintiff would like someone, presumably this Court, to look into his why he never got any proceeds from his "blood mother['s]" or his step father's life insurance policies when they passed away. Plaintiff also contends that he has written jokes, which he had notarized, and this written material was stolen from him. He would like to sue those people as soon as possible. He also mentions that he was "jumped on at the Hot Spot in Burnsville" and he would like to sue those people. Plaintiff generally would like this Court to "put a stop to the law harassing [him], assualting (sic) [him] and pay [him] for all the pain and suffering [he has] went threw (sic) and clear all of [his] criminal record, because [he] wouldn't have a record like [he's] got if it was'nt (sic) for them." Plaintiff asks that this Court contact his lawyer in Asheville and inquire about a lawsuit against the Burnsville Police Department in 1992 and a lawsuit against Hazelwood Prison from 2004. Plaintiff is convinced he is owed money

1

from these suits. He states "I want my money and I also want my record to be done away with, because of police harassment and wrongful chargeing (sic) me all the time, and police brutality. All so (sic) I want all of my witnesses subpoena to Court. People that was hurt on the job with me has already been paid, where is my money I want it right now."

To begin, a case filed under 42 U.S.C. § 1983 requires a deprivation of a right secured by the Constitution by a person acting under color of state law. While it is true that under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief," even under the more liberal and forgiving pleading standards, sufficient facts must be included in the statement of claim "[to] give the defendants fair notice of what the claim is and the grounds upon which it rests." Conley v. Ginson, 355 U.S. 41, 47 (1957). Additionally, although the Court must assume that factual allegations in the complaint are true, it need not assume that a plaintiff "can prove facts that [are] not alleged or that the defendants have violated the . . . law [] in ways that have not been alleged." Estate Constr. Co. V. Miller & Smith Holding Co., 14 F.3d 213, 221 (4th Cri. 1994), quoting, Associated Gen. Contractors v. California State Counsel of Carpenters, 459 U.S. 519, 526 (1983). Plaintiff's Complaint contains no factual support for his list of unrelated complaints. Moreover, such Complaint fails to state a claim for relief, and for the reasons stated in this Order, Plaintiff's Complaint must be dismissed.

Plaintiff seems to take issues with the process he has received with respect to the legal system. He challenges the evidence used to convict him and claims to have been wrongfully charged

and convicted in several separate cases .[1] However, a § 1983 action is simply not the appropriate vehicle to address Plaintiff's claims.

Next, Plaintiff complains about his medical care, or lack thereof and also about his living conditions. While these claims are appropriately raised in a § 1983 suit, Plaintiff has failed to state a claim for which relief can be given. For example, Plaintiff contends that he has not received adequate medical treatment for a preexisting illness and injuries, but does not specify what his specific illness or injury is or how he has been harmed by the inadequate treatment he has allegedly received.

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Here, Plaintiff does not even articulate what his serious medical needs are or how the treatment he has received has been inadequate. Therefore, this claim is dismissed.

Plaintiff also contends that he has gone days without a shower and generally that his "constitutional rights are being violated and need's (sic) to be investigated." Generally speaking,

---

[1] For example, Plaintiff contends that in 1996, he was charged with possession of a firearm. He contends that the gun was not his and the prosecutor never even produced the gun in court. Plaintiff was also charged with breaking and entering. The evidence against him was all hearsay. Plaintiff asks that his record be cleared. Plaintiff complains about trespassing charges when there were no restraining orders against him. Plaintiff also challenges his conviction of being a "habitual impaired driven" arguing that the authorities never took a blood or urine test.

in order to state a claim for a violation of the Eighth Amendment based on cruel and unusual living conditions, the conditions must rise to the level of a deprivation of a basic human need such as food, warmth or exercise. Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991). Furthermore, prison officials cannot be held liable under the Eighth Amendment unless they knew of and disregarded an excessive risk to inmate health or safety. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Finally, Plaintiff must produce evidence of serious or significant physical or emotional injury resulting from the challenged conditions. Strickler v. Waters, 989 F.2d 1375, 1380 (4th Cir. 1993); but see 42 U.S.C. § 1997(e) (prisoner cannot maintain § 1983 action for mental or emotional injury absent physical injury). The Court is also mindful that the constitutional prohibition against cruel and unusual punishment "does not mandate comfortable prisons, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to from the basis of an Eighth Amendment violation." Wilson v. Seitser, 501 U.S. 294, 298 (1991). Here, it is clear that Plaintiff's bare allegation that he has gone days without a shower does not satisfy the requirements necessary to state a violation of the Eighth Amendment.

Plaintiff's Complaint is so vague and lacking in fact that, even giving the Plaintiff the benefit of liberal pleadings given to pro se prisoners, this Court cannot find facts supporting any constitutional violations. With respect to all the complaints on Plaintiff's list, he does not includes any details supporting his claims, nor does he alleges any injury. Therefore, based upon the foregoing, the instant Complaint is hereby **DISMISSED** for failure to state a claim upon which relief can be granted.

**SO ORDERED**.

Signed: February 6, 2009

*Graham C. Mullen*
Graham C. Mullen
United States District Judge